FILED
United States Court of Appeals
Tenth Circuit

June 2, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENT CIRCUIT

ANNABEL DOBBS,

       Plaintiff-Appellant,

v.

WYETH PHARMACEUTICALS,

       Defendant-Appellee.

-------------------------------------

PHARMACEUTICAL RESEARCH
AND MANUFACTURERS OF
AMERICA; PRODUCT LIABILITY
ADVISORY COUNCIL, INC.;
CHAMBER OF COMMERCE OF
THE UNITED STATES OF
AMERICA,

       Amici Curiae.

No. 08-6018

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(NO. 5:04-CV-01762-D)**

David Charles Frederick, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C. (Arnold Anderson Vickery, Vickery, Waldner & Mallia, L.L.P., Houston, TX and Earl Landers Vickery, Austin, TX, with him on the briefs), for Plaintiff-Appellant.

Malcolm Edward Wheeler, Wheeler Trigg O'Donnell, L.L.P., Denver, CO (Mark Herrmann, Jones Day, Chicago, IL; Thomas G. Wolfe and Douglas M. Todd,

Phillips, McFall, McCaffrey, McVay & Murrah, P.C., Oklahoma City, OK; and David Booth Alden, Jones Day, Cleveland, OH, with him on the brief), for Defendant-Appellee.

Robert A. Long, Jr., Michael X. Imbroscio, Paul W. Schmidt, and Erika F. Lietzan, Covington & Burling, L.L.P., Washington, D.C., filed an amicus curiae brief for the Pharmaceutical Research and Manufacturers of America in support of Defendant-Appellee.

Hugh F. Young, Jr., Product Liability Advisory Council, Inc., Reston VA; Kenneth S. Geller and David M. Gossett, Mayer Brown, L.L.P., Washington, D.C.; and Robin S. Conrad and Amar D. Sarwal, National Chamber Litigation Center, Inc., Washington D.C., filed an amicus curiae brief for the Product Liability Advisory Council, Inc. and Chamber of Commerce of the United States of America in support of Defendant-Appellee.

---

Before **BRISCOE**, Chief Judge, and **HENRY** and **HARTZ**, Circuit Judges.

---

**HENRY**, Chief Judge.

---

Annabel Dobbs has alleged that Wyeth Pharmaceuticals failed to adequately label its antidepressant Effexor to warn of suicide risk, and that this failure to warn caused her husband's 2002 suicide while he was taking Effexor. The district court granted partial summary judgment to Wyeth, holding that Ms. Dobbs's failure to warn claim against Wyeth was preempted by federal law. After the district court's decision, the Supreme Court established a new standard for a federal preemption defense against a failure to warn claim, holding that the pharmaceutical company must demonstrate "clear evidence" that the Food and Drug Administration would have rejected a label change had the pharmaceutical

company unilaterally strengthened its drug's warning label. *See Wyeth v. Levine*, 129 S. Ct. 1187, 1198 (2009). Accordingly, we must VACATE the district court's grant of partial summary judgment to Wyeth and REMAND the case to the district court. On remand, the district court should first afford the parties the opportunity to submit additional evidence. Then, the district court should reconsider the preemption issue in light of *Levine*'s new "clear evidence" standard.